UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| CHRIS MCBRIDE, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. G-10-627 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND ORDER OF DISMISSAL**

Petitioner Chris McBride (TDCJ # 263813), has filed a Petition for a Writ of Habeas Corpus (Doc. No. 1) under 28 U.S.C. § 2254, challenging his state court felony conviction. Having reviewed the petition and the response to the show cause order, the Court will dismiss the petition pursuant to 28 U.S.C.§ 2244(d) because it is barred by limitations.

**I.     Procedural History**

McBride challenges his custody pursuant to a judgment and sentence of the 130th District Court of Matagorda County, Texas. McBride plead not guilty to the charge of murder and was convicted on October 6, 2004. The Thirteenth Court of Appeals of Texas affirmed the conviction on July 13, 2006. He filed a motion for extension of time to file a petition for discretionary review (PDR), which was granted to September 13, 2006. McBride filed a PDR on September 14, 2006; it was refused by the TCCA on January 31, 2007. McBride did not file a petition for a writ of certiorari. He filed a state habeas application on February 5, 2010. It was denied by the Texas Court of Criminal Appeals (TCCA) on March 24, 2010. The instant federal petition was filed on December 23, 2010.

1

## II. One-Year Statute of Limitations

Under the AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C.§2244(d)(1)-(2), which provides as follows:

(d)(1)	A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A)	the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)	the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)	the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)	the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)	The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year limitations period became effective on April 24, 1996, and applies to all federal habeas corpus petitions filed on or after that date. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998). Because McBride's petition was filed well after that date, the one-year limitations period applies to his claims. *Id.*

McBride's conviction was affirmed on July 13, 2006. His PDR was refused on January 31, 2007, and a writ of certiorari was not filed. In interpreting section 2244(d)(1)(A) in light of Supreme Court rules, the Fifth Circuit concluded that a state conviction "becomes final upon

2

direct review, which occurs upon denial of certiorari by the Supreme Court or expiration of the period for seeking certiorari." *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999). Under Rule 13.1 of the Supreme Court Rules, McBride had ninety days from the refusal of his PDR to file a petition for a writ of certiorari. *See also Caspari v. Bohlen*, 510 U.S. 383, 390 (1994). The Fifth Circuit has thus held that a conviction is final for purposes of habeas corpus review ninety days after the Texas Court of Criminal Appeals denies a PDR and the defendant does not seek review in the United States Supreme Court. *Foreman v. Dretke*, 383 F.3d 336, 340 (5th Cir. 2004). The TCCA refused McBride's PDR on January 31, 2007. The conviction became final ninety days later on May 1, 2007. The present petition was due no later than May 1, 2008, in the absence of tolling provisions. It was not filed until December 23, 2010.

McBride filed a state writ of habeas corpus on February 5, 2010. Although a timely filed state writ of habeas corpus will toll the federal limitations period, 28 U.S.C. § 2244(d)(2), McBride's state application was filed over 2 and one-half years after his federal application was due. The state writ application therefore had no tolling effect. A review of McBride's response to the show cause order reveals no showing of a newly recognized constitutional right upon which the petition is based, nor is there a factual predicate for the claims that could not have been discovered previously. 28 U.S.C. § 2244(d)(1)(C),(D). Absent equitable tolling, McBride's claims are time-barred.

Equitable tolling is an extraordinary remedy that, if available, is only sparingly applied. *See Irwin v. Dep't of Vet. Affairs,* 498 U.S. 89, 96 (1990). The Fifth Circuit has opined that the AEDPA statute of limitations may be equitably tolled at the district court's discretion only "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000). In

3

that respect, the Fifth Circuit has limited the doctrine of equitable tolling to apply "principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Melancon v. Kaylo*, 259 F.3d 401, 407 (5th Cir. 2001) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). Thus, a "'garden variety of excusable neglect'" does not support equitable tolling. *Coleman*, 184 F.3d at 402 (quoting *Rashidi*, 96 F.3d at 128).

The Supreme Court has elaborated that district courts have no authority to create "equitable exceptions" to statutory time limitations. *See Bowles v. Russell*, 551 U.S. 205 (2007). Assuming that the AEDPA allows it, the Supreme Court has observed, nevertheless, that a habeas corpus petitioner is not entitled to equitable tolling unless he establishes "(1) that he has been pursuing his rights diligently, and (2) 'that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327 (2007). The habeas petitioner bears the burden of establishing that equitable tolling is warranted. *See Howland v. Quarterman*, 507 F.3d 840 (5th Cir. 2007), *cert. denied*, 553 U.S.1081 (2008). The AEDPA's limitations period is subject to equitable tolling and is not a jurisdictional bar.

Even though McBride proceeds *pro se* on federal habeas review, this Court is bound to follow Fifth Circuit authority, which is clear that a prisoner's incarceration and ignorance of the law do not otherwise excuse his failure to file a timely petition, and are not grounds for equitable tolling. *See Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001); *see also Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2003). The Court is mindful of the effect a dismissal will have on the petitioner's ability to have his claims heard by a federal court. However, the Fifth Circuit has emphasized that the "strict one-year limitations period" imposed by Congress for the filing of all habeas corpus petitions is "subject only to the narrowest

4

of exceptions." *Fierro v. Cockrell*, 294 F.3d 674, 684 (5th Cir. 2002), *cert. denied*, 538 U.S. 947 (2003). No "rare and exceptional" conditions which warrant deviation from the express rules that Congress has provided have been presented. *See Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir.), *cert. denied*, 531 U.S. 1035 (2000). Accordingly, equitable tolling will not save McBride's extremely late-filed claims. The Court therefore concludes that the pending federal habeas corpus petition is barred by the applicable one-year limitations period.

## IV.   Conclusion

It is **ORDERED** that McBride's petition for writ of habeas corpus (Doc. No. 1) is **DENIED** and this case is **DISMISSED** with prejudice as time-barred under the provisions of 28 U.S.C.§2244. Any remaining pending motions are denied as moot.

Under the AEDPA, a petitioner must obtain a certificate of appealability ("COA") before he can appeal the district court's decision. 28 U.S.C.§2253(c)(1). This court will grant a COA only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C.§2253(c)(2). In order to make a substantial showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As the Supreme Court made clear in its decision in *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003), a COA is "a jurisdictional prerequisite," and "until a COA has been issued, federal courts of appeals lack jurisdiction to rule on the merits of appeals from the habeas petitioners." When considering a request for a COA, "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Id.* at 325.

Because McBride has not made the necessary showing, this court will not issue a COA.

SIGNED at Houston, Texas this 8th day of June, 2011.

Kenneth M. Hoyt
United States District Judge